| | |
|---|---|
| 1 | LATHAM & WATKINS LLP |
| 2 | Mark A. Flagel (Bar No. 110635)<br>Ryan E. Hatch (Bar No. 235577) |
|   | Jessica C. Kronstadt (Bar No. 267959) |
| 3 | mark.flagel@lw.com |
|   | ryan.hatch@lw.com |
| 4 | jessica.kronstadt@lw.com |
|   | 355 South Grand Avenue |
| 5 | Los Angeles, California 90071-1560 |
|   | Telephone: (213) 485-1234 |
| 6 | Facsimile: (213) 891-8763 |
| 7 | LATHAM & WATKINS LLP |
|   | Dean G. Dunlavey (Bar No. 115530) |
| 8 | dean.dunlavey@lw.com |
|   | 650 Town Center Drive - 20th Floor |
| 9 | Costa Mesa, California 92626-1925 |
|   | Telephone: (714) 540-1235 |
| 10 | Facsimile: (714) 755-8290 |
| 11 | Attorneys for Plaintiff |
|   | A10 NETWORKS, INC. |

FILED
NOV - 9 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
E-filing

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A10 NETWORKS, INC., a California Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>F5 NETWORKS, INC., a Washington Corporation,<br><br>    Defendant. | CASE NO.<br><br>CV 11 5458<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

Plaintiff A10 Networks, Inc. ("A10"), for its Complaint against Defendant F5 Networks, Inc. ("F5") alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for patent infringement, under the patent laws of the United States, 35 U.S.C. § 271 et seq. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper within this judicial district under 28 U.S.C. §§ 1391(b) and (c) because Defendant F5 sells and distributes infringing products within this district, and F5 is subject to personal jurisdiction here.

## THE PARTIES

3. Plaintiff A10 is a California corporation, with its principal place of business at 2309 Bering Drive, San Jose, California.

4. Defendant F5 is a Washington corporation, with its principal place of business at 401 Elliott Avenue West, Seattle, Washington. F5 sells and distributes infringing products within this district, and is believed to maintain an office in San Jose, California.

5. **Intradistrict Assignment**. This is an Intellectual Property case assigned on a district-wide basis pursuant to Local Rule 3-2(c).

## A10'S PATENT RIGHTS

6. Plaintiff A10 was founded in 2004 and provides innovative networking and security solutions that help organizations accelerate, optimize and secure their applications. A10's flagship product line, the AX Series, is a family of high performance server load balancers that are the recognized industry leader in high performance traffic management and application delivery controllers. The

AX Series' Advanced Core Operating System (ACOS) architecture has garnered numerous awards and is revolutionary by market standards.

7. On November 21, 2006, the United States Patent and Trademark Office issued United States Patent No. 7,139,267 (the "'267 Patent"), entitled "System and Method of Stacking Network Switches," a copy of which is attached hereto as Exhibit A. The '267 Patent is generally directed at the use of refresh packets in the context of synchronizing the forwarding databases of network switches.

8. Plaintiff A10 is the owner by assignment of the '267 Patent, and has the right to sue for infringement of the '267 Patent.

9. On June 26, 2007, the United States Patent and Trademark Office issued United States Patent No. 7,236,491 (the "'491 Patent"), entitled "Method and Apparatus for Scheduling For Packet-Switched Networks," a copy of which is attached hereto as Exhibit B. The '491 Patent is generally directed at the use of priority queuing and scheduling in the context of packet transmission.

10. Plaintiff A10 is the owner by assignment of the '491 Patent, and has the right to sue for infringement of the '491 Patent.

## COUNT I

(PATENT INFRINGEMENT – '267 Patent, Against Defendant F5)

11. Plaintiff A10 repeats and realleges the allegations set forth in paragraphs 1-9, above, as though fully set forth hereat.

12. Plaintiff A10 is informed and believes that a reasonable opportunity for further investigation and discovery will confirm that Defendant F5 has been and is infringing the '267 Patent directly and indirectly by making, using, selling and/or offering for sale products, including at least its BIG-IP products, that practice or enable the practice of inventions claimed in one or more of the claims of the '267 Patent.

13. Defendant F5's acts of infringement have caused, and will continue to cause, substantial and irreparable injury to Plaintiff A10 and its rights.

## COUNT II
(PATENT INFRINGEMENT – '491 Patent, Against Defendant F5)

14. Plaintiff A10 repeats and realleges the allegations set forth in paragraphs 1-9, above, as though fully set forth hereat.

15. Plaintiff A10 is informed and believes that a reasonable opportunity for further investigation and discovery will confirm that Defendant F5 has been and is infringing the '491 Patent directly and indirectly by making, using, selling and/or offering for sale products, including at least its BIG-IP products, that practice or enable the practice of inventions claimed in one or more of the claims of the '491 Patent.

16. Defendant F5's acts of infringement have caused, and will continue to cause, substantial and irreparable injury to Plaintiff A10 and its rights.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff A10 seeks judgment against Defendant F5, as follows:

1. A preliminary and permanent injunction, enjoining Defendant F5 and its agents, servants, employees and all those in privity with it from making, using, selling or offering for sale any product that infringes or enables infringement of the '267 Patent, from contributing to the infringement of that patent, or from inducing the infringement of that patent;

2. A preliminary and permanent injunction, enjoining Defendant F5 and its agents, servants, employees and all those in privity with it from making, using, selling or offering for sale any product that infringes or enables

1 infringement of the '491 Patent, from contributing to the infringement of that patent,
2 or from inducing the infringement of that patent;
3     3. An award of damages adequate to compensate Plaintiff A10 for
4 Defendant F5's unlawful infringement, in an amount to be shown according to proof
5 at trial, but in no event less than a reasonable royalty;
6     4. An award of Plaintiff A10's costs of suit, including reasonable
7 attorneys' fees, pursuant to U.S.C. § 285 or as otherwise permitted by law; and
8     5. Such other and further relief as the Court seems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff A10 hereby demands trial by jury of all issues so triable that are raised herein or which hereafter may be raised in this action.

DATED: November 9, 2011

Respectfully submitted,

LATHAM & WATKINS LLP
  Mark A. Flagel
  Dean G. Dunlavey
  Ryan E. Hatch
  Jessica C. Kronstadt

By _____
Dean G. Dunlavey
Attorney for Plaintiff
A10 Networks, Inc.

LA\2325138.2

LATHAM&WATKINS
ATTORNEYS AT LAW
LOS ANGELES

5    COMPLAINT FOR PATENT INFRINGEMENT;
DEMAND FOR JURY TRIAL